UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY CLYDE MURRAY,

       Plaintiff,

v.                                                           Case No. 08-13868
                                                             Honorable Patrick J. Duggan

MARILYN J. HALLETT, MARY ANN SIEGEL,
RICHARD B. YUILLE, AND
ARCHIE L. HAYMAN,

       Defendants.
_____/

### OPINION AND ORDER

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on February 13, 2009.

PRESENT:   THE HONORABLE PATRICK J. DUGGAN
                U.S. DISTRICT COURT JUDGE

Plaintiff, a Michigan prisoner confined at the Alger Maximum Correctional

Facility in Munising, Michigan, filed this action against Defendants pursuant to 42 U.S.C.

§ 1983 and Michigan's Freedom of Information Act, MICH. COMP. LAWS §§ 15.231-

15.246.  Plaintiff asserts that Defendants have violated his civil rights and Michigan law

by failing to provide him with a transcript of prior state criminal proceedings in which he

pleaded guilty.  Defendant Marilyn Hallett is a court reporter for a Michigan district

court.  Defendant Mary Ann Siegel was a court reporter for a Michigan Circuit Court, but

now is retired.  Defendants Richard Yuille and Archie Hayman are Michigan Circuit

Court judges.   Presently before the Court is a motion to dismiss pursuant to Federal Rule

of Civil Procedure 12(b)(6), filed by Defendants Hallett, Yuille, and Hayman.[1]

## Rule 12(b)(6) Standard

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). Reviewing a motion to dismiss, the court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and "determine whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'" *Bledsoe v. Community Health Sys.*, 501 F.3d 493, 502 (6th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombley*, 550 U.S. 544, 127 S. Ct 1955, 1974 (2007)). In other words, "[the] complaint must contain either direct or inferential allegations with respect to all material elements necessary to sustain a recovery under some viable legal theory." *Weiner v. Klais & Co.*, 108 F.3d 86, 88 (6th Cir. 1997). "Under general pleading standards, the facts alleged in the complaint need not be detailed, although 'a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do.'" *Bledsoe*, 501 F.3d at 502 (quoting *Twombley*, 127 S. Ct. at 1964-65).

---

[1]At this time, Defendant Siegel has not been served with Plaintiff's complaint as the Court has not been able to obtain her address for the United States Marshal to effectuate service. Because the Court finds, for the reasons set forth in this Opinion and Order, that Plaintiff also fails to state a claim on which relief may be granted against Defendant Siegel, it will dismiss the complaint as to her as well. *See* 28 U.S.C. § 1915A.

## Factual and Procedural Background

In a letter dated July 15, 1998, Plaintiff asked the Clerk of the Court for the Circuit Court for Genesee County, Michigan, for information concerning two of his prior criminal cases.  (Pl.'s Compl. at 12.)  Plaintiff sent a second letter to the Clerk of the Court on July 22, 1998, adding a third case to his request.  (*Id*. at 13.)  Meanwhile, on July 21, 1998, the Genesee County Court sent Plaintiff a copy of an amended judgment of sentence. (*Id*. at 12.)  On September 22, 1998, a copy of Plaintiff's court files were sent to him.  (*Id*. at 11, 16.)

Plaintiff sent a letter to the Court Clerk, dated October 5, 1998, specifically requesting his "plea transcripts."  (*Id*. at 8.)  The Court Clerk sent a letter to Plaintiff on July 2, 2002, indicating: "Your file does not have a sentence or plea transcript, so I am unable to make a copy at this time."  (*Id*. at 9.)  Plaintiff responded, seeking clarification of the Court Clerk's letter and asking: "[I]f I don't have transcripts and no sentence then why am I still locked in prison."  (*Id*. at 10.)  On July 31, 2002, the Court Clerk wrote Plaintiff and provided, in part: "A copy of the court file has been sent previously and also [t]ranscripts of the sentence do not appear to have been transcribed– therefore they are unavailable."  (*Id*. at 11.)

Plaintiff subsequently filed multiple motions in the Genesee County Circuit Court, seeking the production of records and transcripts related to his prior criminal proceedings.  (*Id*. at 14-17.)  Defendant Yuille denied Plaintiff's motions, reasoning that Plaintiff had exhausted his appellate rights and failed to otherwise show good cause for the production

3

of the requested records as required by Michigan Court Rule 6.433(C)(3).  (*Id.*)

Plaintiff filed the instant lawsuit on September 9, 2008.  In his complaint, Plaintiff asserts that Defendants' failure to provide him with the requested transcripts violates his rights to equal protection and due process.  Plaintiff also alleges that Defendants have wrongfully withheld the requested transcripts in violation of Michigan's Freedom of Information Act (hereafter "FOIA").  Plaintiff seeks an order requiring Defendants to transcribe "any and all transcripts" of his proceedings and provide him with copies of those transcripts.

Defendants Hallett, Yuille, and Hayman (hereafter "Defendants") have responded to Plaintiff's complaint with the pending motion to dismiss in which they only address Plaintiff's assertion that they violated FOIA.  Defendants argue that FOIA applies to a "public body" and that neither judges nor court reporters fall within this definition.  Defendants also argue that, even if FOIA applies to their actions, there has been no violation of the statute because all existing public records within Plaintiff's request have been sent to him and FOIA cannot be used to compel the creation of a record.

**Analysis**

As an initial matter, as indicated above, Defendants' motion only addresses Plaintiff's claim that they violated FOIA.  Nevertheless, under the Prison Litigation Reform Act, a court is required to *sua sponte* dismiss a prisoner's complaint filed against a governmental entity or officer or employee of a governmental entity if it determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted,

4

or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C.

§ 1915A.  The Court finds that Plaintiff's allegations of a constitutional violation by

Defendants fail to state a claim upon which relief can be granted and, therefore, it will

address those allegations as well.

To succeed on his § 1983 claim, Plaintiff must demonstrate that Defendants, while

acting under color of State law, deprived him of a right secured by the United States

Constitution or a federal statute.[2]  *Spadafore v. Gardner*, 330 F.3d 849, 852 (6th Cir.

2003).  In his complaint, Plaintiff alleges that Defendants violated his rights to due

process and equal protection by failing to provide him with transcripts of his prior

criminal proceedings.  This Court recognizes, however, that "the allegations of [a] pro se

complaint [are held] to less stringent standards than formal pleadings drafted by lawyers."

*Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 596 (1972).  Thus, the Court also

construes Plaintiff's complaint as alleging a violation of his right to access the courts

pursuant to the First and Fourteenth Amendments.[3]

The Supreme Court has interpreted the First and Fourteenth Amendments as

---

[2]Plaintiff's FOIA claim, as an alleged violation of Michigan law, cannot support his § 1983 claim.

[3]The First Amendment to the United States Constitution provides that "Congress shall make no law . . . abridging . . . the right of the people . . . to petition the Government for a redress of grievances."  U.S. CONST. amend. I.  The Fourteenth Amendment provides in part that no state shall "deprive any person of life, liberty, or property without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.  U.S. CONST. amend. XIV, § 1.

5

granting prisoners a fundamental right of access to the courts. *See Bounds v. Smith* 430 U.S. 817, 821, 97 S. Ct. 1491, 1494-95 (1977). A prisoner asserting a violation of this right must demonstrate actual prejudice to pending or contemplated litigation. *Jackson v. Gill*, 92 Fed. App'x 171, 173 (6th Cir. 2004) (citing *Lewis v. Casey*, 518 U.S. 343, 351, 116 S. Ct. 2174, 2180 (1996)). As the Supreme Court provided in *Lewis*, however, this right does not extend to *all* litigation:

> *Bounds* does not guarantee inmates the wherewithal to transform themselves into litigating engines . . . The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

514 U.S. at 355, 116 S. Ct. at 2182 (emphasis in original).

In his complaint, Plaintiff does not set forth the reason(s) why he needs the requested transcripts. Nevertheless, it appears from the requests that Plaintiff submitted to the state court and the court's responses to those requests, that Plaintiff is seeking records from his prior criminal proceedings in order to challenge his conviction and/or sentence. However, as the state court indicated in response to Plaintiff's requests, Plaintiff has exhausted his state appellate rights and post-conviction remedies. (*See* Pl.'s Compl. at 14-17.) This Court also believes that Plaintiff would be barred from pursuing federal habeas relief with respect to his 1995 and/or 1996 state court conviction and sentence. *See* 28 U.S.C. § 2244(d)(1) (setting forth a one-year period of limitation for

6

filing an application for a writ of habeas corpus which begins to run from the date on

which the judgment became final by the conclusion of direct review); *see also Seymour v.*

*Walker*, 224 F.3d 542, 549-50 (6th Cir. 2000) (citing *Wainright v. Sykes*, 433 U.S. 72, 80,

84-87, 97 S. Ct. 2497 (1977) ("When a habeas petitioner fails to obtain consideration of a

claim by a state court, either due to the petitioner's failure to raise that claim before the

state courts while state-court remedies are still available, . . . that claim is procedurally

defaulted and may not be considered by the federal court on habeas review.")  Thus the

Court finds that Plaintiff fails to state a violation of his right of access to the courts.

With respect to Plaintiff's claim that Defendants violated his Fourteenth

Amendment rights, the Supreme Court has held that the Amendment's due process and

equal protection clauses are violated when a criminal trial transcript is made available to

those who can afford it, but denied to those who are indigent.  *See Griffin v. Illinois*, 351

U.S. 12, 76 S. Ct. 585 (1956).  The Court also has held, however, that there is no violation

where the failure to produce the transcript is based on the fact that one does not exist and

it, therefore, is unavailable regardless of indigence.  *See Britt v. North Carolina*, 404 U.S.

226, 227, 92 S. Ct. 431 (1971) ("[C]ourts must . . . provide indigent prisoners with the

basic tools of an adequate defense or appeal, when those tools are available for a price to

other prisoners"); *see also Haeberlin v. Sparkman*, No. 94-5503, 1995 WL 750543, at *3

(6th Cir. Dec. 18, 1995) (unpublished opinion) ("There is no constitutional violation

where a transcript does not exist, and, is thus unavailable to both sides").  "Different

treatment is the initial element of an equal protection violation," *Bannum, Inc. v. City of*

7

*Louisville*, 958 F.2d 1354, 1359 (6th Cir. 1992), and it is clear from the state court's letters to Plaintiff (which are attached to Plaintiff's complaint) that Defendants' failure to provide him with the requested transcripts is not due to differential treatment.  Finally, Plaintiff's due process rights have not been violated as he has exhausted his state court remedies and "[h]e has no constitutional right to a transcript to prepare for a post-conviction proceeding." *Hays v. Newsom*, 3 Fed. App'x 270, 271 (6th Cir. 2001) (citing *Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992)).  The Court therefore concludes that Plaintiff fails to state a viable Fourteenth Amendment claim.

Turning to Plaintiff's state law claim, FOIA requires the disclosure of "public records."  *See* MICH. COMP. LAWS § 15.233. The statute defines "public records" as "a writing prepared, owned, used, in the possession of, or retained by a public body in the performance of an official function, . . ."  MICH. COMP. LAWS § 15.232(e).  The act, however, expressly excludes the judiciary, including the office of the county clerk and employees, from its definition of a "public body."  *Id*. § 15.232(d)(v).  Moreover, Plaintiff is seeking a transcript that has not been created.  With exceptions not applicable here, Michigan's FOIA statute expressly "does not require a public body to make a compilation, summary, or report of information" or "to create a new public record."  *Id*. §§ 15.233(4), (5).  Thus the Court concludes that Defendants' failure to provide Plaintiff with the requested transcripts from his prior criminal proceedings does not state a viable claim under FOIA.

**Conclusion**

8

The Court concludes for the above reasons that, even accepting as true the allegations in Plaintiff's complaint, he fails to state a claim against Defendants upon which relief may be granted.

Accordingly,

**IT IS ORDERED**, that Defendants' motion to dismiss with respect to Plaintiff's claim under FOIA is **GRANTED**;

**IT IS FURTHER ORDERED**, that Plaintiff's remaining claims are dismissed pursuant to 28 U.S.C. § 1915A.


s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:
Jeffrey Clyde Murray, #245927
Alger Maximum Correctional Facility
Industrial Park Drive
P.O. Box 600
Munising, MI   49862

Celeste D. Bell, Esq.